IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VOLTEON LLC, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ZTE CORPORATION, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Volteon LLC ("Volteon" or "Plaintiff") for its Complaint against Defendant ZTE Corporation ("ZTE" or "Defendant") for patent infringement alleges as follows:

**THE PARTIES**

1. Volteon is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Marshall, TX 75670.

2. Upon information and belief, Defendant ZTE is a corporation organized and existing under the laws of China, with its principal place of business located at 55 Hi-Tech Road, South Nanshan District, Shenzhen, 518057 P.R. China. ZTE is a leading manufacturer and seller of smart phones in the world and in the United States. Upon information and belief, ZTE does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On March 23, 2021, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,958,819 (the "'819 Patent") entitled "Electric Shaver with Imaging Capability". A true and correct copy of the '819 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=10958819.

8. On April 20, 2021, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,986,259 (the "'259 Patent") entitled "Electric Shaver with Imaging Capability". A true and correct copy of the '259 Patent is available at:

http://pdfpiw.uspto.gov/.piw?Docid=10986259.

9. On June 30, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,695,922 (the "'922 Patent") entitled "Electric Shaver with Imaging Capability". A true and correct copy of the '922 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=10695922.

10. On June May 4, 2021, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,999,484 (the "'484 Patent") entitled "Electric Shaver with Imaging Capability". A true and correct copy of the '484 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=10999484.

11. On January 16, 2018, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,868,034 (the "'034 Patent") entitled "System and Method for Motion Sensing Device Which Provides a Visual or Audible Indication". A true and correct copy of the '034 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=9868034.

12. On April 5, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,630,062 (the "'062 Patent") entitled "System and Method for Motion Sensing Device Which Provides a Visual or Audible Indication". A true and correct copy of the '062 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=9630062.

13. Volteon is the sole and exclusive owner of all right, title, and interest in the '819 Patent, the '259 Patent, the '922 Patent, and the '484 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Volteon also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

14. Volteon has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

15. The '819 Patent, the '259 Patent, the '922 Patent, and the '484 Patent generally relate to technology involving a handheld device with a rechargeable battery and multiple cameras for the capture, display, and transmission of images and video. The technology described in the '819 Patent, the '259 Patent, the '922 Patent, and the '484 Patent was developed by Yehuda Binder. For example, the technology is implemented in mobile and handheld devices, which include, but are not limited to, the ZTE Axon 40 Ultra, ZTE Axon 40 Pro, ZTE Axon 30 5G, ZTE Axon 30 Ultra, ZTE Axon 20 5G, ZTE Axon 10 Pro, and ZTE Axon 7, among other products.

## COUNT I
### (Infringement of the '819 Patent)

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Volteon has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '819 Patent.

18. Defendant has and continues to directly infringe the '819 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '819 Patent. Such products include mobile and/or handheld devices with multiple cameras and a rechargeable battery, such as the ZTE Axon 40 Ultra, among other products.

19. For example, Defendants have and continue to directly infringe at least claim 15 of the '819 Patent by making, using, offering to sell, selling, and/or importing into the United States

products include mobile phone with multiple cameras and a rechargeable battery, including the ZTE Axon 40 Ultra, among other products.

20. For example, the ZTE Axon 40 Ultra is handheld device for capturing and displaying images and for identifying and marking of an element that is part of a human body, for use with a cellular network that uses a licensed frequency band. The ZTE Axon 40 Ultra comprises a first camera for capturing a first image via a first optical lens that focus received light. The ZTE Axon 40 Ultra comprises a second camera for capturing a second image via a second optical lens that focus received light. The ZTE Axon 40 Ultra comprises an image processor coupled to the cameras for receiving and processing the first and second captured images. The ZTE Axon 40 Ultra comprises a display coupled to the cameras and having a flat screen for visually displaying the first and second captured images. The ZTE Axon 40 Ultra comprises a cellular antenna for coupling to the cellular network. The ZTE Axon 40 Ultra comprises a cellular transmitter coupled between the cellular antenna and the cameras for transmitting the first and second captured images to the cellular network. The ZTE Axon 40 Ultra comprises a rechargeable battery connected to power the cameras, the image processor, the cellular transmitter, and the display. The ZTE Axon 40 Ultra comprises a single portable and handheld casing housing the cameras, the image processor, the cellular antenna, the cellular transmitter, and the display. The casing comprises two opposed first and second exterior surfaces. The first optical lens is attached to the first surface and the second optical lens is attached to the second surface. The image processor is operative to identify the element in the first captured image. The display is coupled to the image processor for displaying the first captured image and the marking of the identified element in the first captured image. The display is coupled to the cameras for displaying on the screen the first and second captured images. The ZTE Axon 40 Ultra is part of a cellular telephone handset.

21. Defendant has and continues to indirectly infringe one or more claims of the '819 Patent by knowingly and intentionally inducing others, including ZTE customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as mobile and/or handheld devices with multiple cameras and a rechargeable battery.

22. Defendant, with knowledge that these products, or the use thereof, infringe the '819 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '819 Patent by providing these products to end users for use in an infringing manner.

23. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '819 Patent, but while remaining willfully blind to the infringement.

24. Volteon has suffered damages as a result of Defendant's direct and indirect infringement of the '819 Patent in an amount to be proven at trial.

25. Volteon has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '819 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
**(Infringement of the '259 Patent)**

26. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

27. Volteon has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '259 Patent.

28. Defendant has and continues to directly infringe the '259 Patent, either literally or

under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '259 Patent. Such products include mobile and/or handheld devices with multiple cameras and a rechargeable battery, such as the ZTE Axon 40 Ultra, among other products.

29.     For example, Defendant has and continues to directly infringe at least claim 1 of the '259 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include mobile phones with multiple cameras and a rechargeable battery, such as the ZTE Axon 40 Ultra, among other products.

30.     For example, the ZTE Axon 40 Ultra is a device for capturing and transmitting images and for identifying an element in at least one of the images. The ZTE Axon 40 Ultra comprises a first video camera configured to capture a first video data by a first optical lens that focuses received light, and a first output configured for outputting a first video stream carrying the captured first video data. The ZTE Axon 40 Ultra comprises a second video camera configured to capture a second video data, that is at least in part distinct from the first video data, by a second optical lens that focuses received light, and a second output configured for outputting a second video stream carrying the captured second video data. The ZTE Axon 40 Ultra comprises a WLAN (Wireless Local Area Network) antenna for coupling to a WLAN. The ZTE Axon 40 Ultra comprises a WLAN transmitter coupled to the WLAN antenna for transmitting a third video stream that includes the first and second video streams to the WLAN. The ZTE Axon 40 Ultra comprises an image processor coupled to the first video camera for receiving the first video stream therefrom and configured to process the captured first video data. The ZTE Axon 40 Ultra comprises a rechargeable battery coupled to power the video cameras, the image processor, and the WLAN

transmitter.  The ZTE Axon 40 Ultra comprises a single portable and handheld casing configured to house the video cameras, the image processor, and the WLAN transmitter.  The casing comprises two opposed first and second exterior surfaces, the first optical lens is mounted on, or is attached to, the first surface and the second optical lens is mounted on, or is attached to, the second surface.  The image processor is operative to identify the element in at least one of the captured first and second video data.

31. Defendant has and continues to indirectly infringe one or more claims of the '259 Patent by knowingly and intentionally inducing others, including ZTE customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as mobile and/or handheld devices with multiple cameras and a rechargeable battery.

32. Defendant, with knowledge that these products, or the use thereof, infringe the '259 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '259 Patent by providing these products to end users for use in an infringing manner.

33. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '259 Patent, but while remaining willfully blind to the infringement.

34. Volteon has suffered damages as a result of Defendant's direct and indirect infringement of the '259 Patent in an amount to be proven at trial.

35. Volteon has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '259 Patent, for which there is no adequate remedy at law, unless

Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '922 Patent)

36. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

37. Volteon has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '922 Patent.

38. Defendant has and continues to directly infringe the '922 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '922 Patent. Such products include mobile and/or handheld devices with multiple cameras and a rechargeable battery, such as the ZTE Axon 40 Ultra, among other products.

39. For example, Defendant has and continues to directly infringe at least claim 1 of the '293 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include mobile phones with multiple cameras and a rechargeable battery, such as the ZTE Axon 40 Ultra, among other products.

40. For example, the ZTE Axon 40 Ultra is a handheld device for capturing and displaying images and for identifying an element in the images, for use with a Wireless Local Area Network (WLAN). The ZTE Axon 40 Ultra comprises a first digital camera for capturing a first image, the first digital camera comprising a first optical lens for focusing the received light and a first output for outputting a first digital signal carrying a representation of the first captured image. The ZTE Axon 40 Ultra comprises a second digital camera for capturing a second image distinct from the first image, the second digital camera comprising a second optical lens for focusing the received light and a second output for outputting a second digital signal carrying a representation

of the second captured image. The ZTE Axon 40 Ultra comprises a digital image processor coupled to the digital cameras for receiving the digital signals for receiving and processing the captured images. The ZTE Axon 40 Ultra comprises a display coupled to the digital cameras and having a flat screen for visually displaying the first and second captured images. The ZTE Axon 40 Ultra comprises a multiplexer coupled to the first and second outputs for multiplexing the first and second digital signals to produce a multiplexed signal. The ZTE Axon 40 Ultra comprises a WLAN antenna for coupling to the WLAN. The ZTE Axon 40 Ultra comprises a WLAN transmitter coupled between the WLAN antenna and the multiplexer for transmitting the multiplexed signal to the WLAN. The ZTE Axon 40 Ultra comprises a rechargeable battery coupled to power the digital cameras, the digital image processor, and the display. The ZTE Axon 40 Ultra comprises a single portable and handheld casing housing the digital cameras, the digital image processor, the multiplexer, the WLAN antenna, the WLAN transmitter, and the display. The casing comprises two opposed first and second exterior surfaces, the first optical lens is attached to the first surface and the second optical lens is attached to the second surface. The digital image processor is operative to identify the element in the captured images using pattern recognition. The display is coupled to the digital image processor for displaying the identified element as marked. The display is coupled to the digital cameras for simultaneously displaying on the screen the first captured image and the second captured image.

41. Defendant has and continues to indirectly infringe one or more claims of the '922 Patent by knowingly and intentionally inducing others, including ZTE customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as mobile and/or handheld devices with multiple cameras and a rechargeable battery.

42. Defendant, with knowledge that these products, or the use thereof, infringe the '922 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '922 Patent by providing these products to end users for use in an infringing manner.

43. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '922 Patent, but while remaining willfully blind to the infringement.

44. Volteon has suffered damages as a result of Defendant's direct and indirect infringement of the '922 Patent in an amount to be proven at trial.

45. Volteon has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '922 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT IV
**(Infringement of the '484 Patent)**

46. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

47. Volteon has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '484 Patent.

48. Defendant has and continues to directly infringe the '484 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '484 Patent. Such products include mobile and/or handheld devices with multiple cameras and a rechargeable battery, such as the ZTE Axon 40 Ultra, among other products.

49. For example, Defendant has and continues to directly infringe at least claim 1 of the '484 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include mobile phones with multiple cameras and a rechargeable battery, such as the ZTE Axon 40 Ultra, among other products.

50. For example, the ZTE Axon 40 Ultra is a handheld device that performs a method for capturing and transmitting images and for identifying an element in at least one of the images. The ZTE Axon 40 Ultra performs the step of capturing, by a first camera, a first image using a first optical lens for focusing received light. The ZTE Axon 40 Ultra performs the step of outputting, via a first output in the first camera, a first signal that carries a representation of the first captured image. The ZTE Axon 40 Ultra performs the step of capturing, by a second camera, a second image distinct from the first image using a second optical lens for focusing received light. The ZTE Axon 40 Ultra performs the step of outputting, via a second output in the second camera, a second signal that carries a representation of the second captured image. The ZTE Axon 40 Ultra performs the step of receiving and processing, by an image processor from the cameras, the first and second signals. The ZTE Axon 40 Ultra performs the step of identifying, by the image processor, the element in at least one of the captured images using pattern recognition. The ZTE Axon 40 Ultra performs the step of producing, a multiplexed signal of at least part of the first signal and at least part of the second signal. The ZTE Axon 40 Ultra performs the step of transmitting, by a transmitter that is coupled to a communication medium via a port, the multiplexed signal. The ZTE Axon 40 Ultra performs the step of powering, by a rechargeable battery, the cameras, and the image processor. The cameras, the transmitter, the port, and the image processor, are housed in a single portable and handheld casing. The casing comprises two opposed first and second exterior surfaces, the first optical lens is located at, or is attached to, the

first surface and the second optical lens is located at, or is attached to, the second surface.

51. Defendant has and continues to indirectly infringe one or more claims of the '484 Patent by knowingly and intentionally inducing others, including ZTE customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as mobile and/or handheld devices with multiple cameras and a rechargeable battery.

52. Defendant, with knowledge that these products, or the use thereof, infringe the '484 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '484 Patent by providing these products to end users for use in an infringing manner.

53. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '484 Patent, but while remaining willfully blind to the infringement.

54. Volteon has suffered damages as a result of Defendant's direct and indirect infringement of the '494 Patent in an amount to be proven at trial.

55. Volteon has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '484 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Volteon prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate Volteon for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Volteon its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: March 29, 2023                                    Respectfully submitted,

*/s/ John Andrew Rubino*
John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO LAW LLC**
51 J.F.K. Parkway
Short Hills, NJ, 07078
Telephone: (201) 535-0920
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

**ATTORNEYS FOR PLAINTIFF,
VOLTEON LLC**